RICHARD A. JONES, ESQ. (SBN 117679)
JARRICK S. GOLDHAMER, ESQ. (SBN 299638)
LAW OFFICES OF RICHARD A. JONES
jarrick@ricjoneslegal.com
1820 E. 17th Street
Santa Ana, California  92705
Telephone:  714-480-0200
Facsimile:  714-480-0423

Attorneys for Plaintiffs:
Michael Sokmen and Leyla Kalender Sokmen,
Heirs and Surviving Parents of deceased Ender Ali Sokmen;
The Estate of Ender Ali Sokmen, by and through
Personal representative Leyla Kalender Sokmen

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL SOKMEN, LEYLA KALENDER SOKMEN, and THE ESTATE OF ENDER ALI SOKMEN, by Personal Representative LEYLA KALENDER SOKMEN<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DOES 1-50<br><br>Defendants. | CASE NO: 5:20-cv-1350<br><br>Assigned to:<br><br>**COMPLAINT FOR DAMAGES: (Personal Injury/Wrongful Death/Survivor Action)**<br>    **(1) NEGLIGENCE (FTCA)**<br>    **(2) WRONGFUL DEATH**<br>    **(3) SURVIVOR ACTION [CCP 377.30]** |

**COMES NOW**, Plaintiffs MICHAEL SOKMEN and LEYLA KALENDER SOKMEN, the surviving parents and heirs of Ender Ali Sokmen (deceased), and

1

**COMPLAINT**

THE ESTATE OF ENDER ALI SOKMEN, by Personal Representative LEYLA KALENDER SOKMEN (hereafter referred to as "Plaintiffs"), by and through their counsel, and respectfully files this Complaint against defendant UNITED STATES OF AMERICA (hereinafter referred to as "Defendant"). In support hereof, Plaintiffs would state and show the following:

I.      **NATURE OF THE ACTION**

1.      This is a personal injury action brought against the UNITED STATES OF AMERICA, for the wrongful death of Plaintiffs' son, Ender Ali Sokmen. Ender Ali Sokmen was killed as a result of the reckless and negligent actions of Andres Aranda, while negligently operating the White Chevy CG3300 van, license number G434015P, owned by the United States Army Reserves (the "subject vehicle"), an agency of the UNITED STATES OF AMERICA. Andres Aranda struck Ender Ali Sokmen's 2015 Honda CTX700 motorcycle, California license plate 22Y8082, throwing Plaintiffs' son, Ender Ali Sokmen, from his motorcycle, which directly and proximately caused the wrongful death of Plaintiffs' son, Ender Ali Sokmen and all attendant damages on February 13, 2020, at the intersection of Valley View Street and Belle Avenue in Cypress, California 90630, on the border of Buena Park, California.

II.     **PARTIES**

2.      Plaintiffs, MICHAEL SOKMEN and LEYLA KALENDER SOKMEN, the surviving parents and heirs of Ender Ali Sokmen (deceased), are individuals residing in the State of Connecticut and are citizens of these United States.

3.      Plaintiff, the ESTATE OF ENDER ALI SOKMEN is represented by its court appointed Personal Representative LEYLA KALENDER SOKMEN, pursuant to the appointment of the Circuit Court of Volusia County, Florida, Division 10, case entitled In re: Estate of Ender Ali Sokmen, File number 2021-11403-PRDL.

4. At all relevant times, defendant, UNITED STATES OF AMERICA, acted through its agency the Department of the Army, by and through its employee Andres Aranda.

5. Plaintiff is informed and believes, and herein alleges that at all relevant times mentioned herein, Andres Aranda, ("ARANDA"), is an individual residing in the State of California. U.S. Army Sgt. Andres Aranda, with the 240th Signal Company, 224th Special Troops Battalion, California Army National Guard was an employee within the Department of the Army, a department of Defendant UNITED STATED OF AMERICA, and was the driver of the subject vehicle that negligently struck plaintiffs son's motorcycle.

6. At all relevant times mentioned herein, the California Army National Guard, within the Department of the Army, was an agency of defendant UNITED STATES OF AMERICA. Plaintiffs are informed and believe, and herein alleges that the California Army National Guard, within the Department of the Army, was at all times herein relevant, the employer of ARANDA, and also the owner of the subject vehicle negligently operated by ARANDA.

7. The full extent of the facts linking the fictitiously designated defendants with the cause of action alleged herein is unknown to Plaintiff, or the true names or capacities, whether individual, plural, corporate, partnership, associate, or otherwise of defendants, DOES 1 through 50, inclusive, is unknown to Plaintiff. Plaintiff therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is negligently, recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings herein referred to, and negligently, recklessly, tortiously, and unlawfully proximately caused injuries and damages thereby to Plaintiff, as herein alleged. Plaintiff will hereafter ask leave of Court to amend this Complaint to show said defendants' true names and capacities when the same have been ascertained.

8. At all times herein mentioned, each defendant was the agent, principal, master, servant, employer, employee, contractor, sub-contractor, partner and joint venturer of his co-defendants, and in doing the things hereinafter mentioned, was acting in the scope of his authority as such, and with the permission and consent of his co-defendants, and each of them.

### III. **JURISDICTION AND VENUE**

9. The claims herein are brought against defendant UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) for money damages as compensation for loss of property and personal injuries that were proximately caused by the negligent and wrongful acts and omissions of an employee of defendant UNITED STATES OF AMERICA, through its agency, the California Army National Guard. The employee ARANDA was acting within the scope of his office and employment, under circumstances where defendant UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of California.

10. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in this Central District of California, Southern Division, as the events took place at the intersection of Valley View Street and Belle Avenue, in the city of Cypress, Orange County, California 90630, near the border of Buena Park, California.

11. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

12. This suit has been timely filed, in that Plaintiff timely served notice of his claim on UNITED STATES OF AMERICA by and through its agency the Office of the Staff Judge Advocate for the Department of the Army, located at 1336 Plummer Street, Monterey, CA 93944-3327 on or before August 13, 2020.

13. The Office of the Staff Judge Advocate for the Department of the Army assumed responsibility for processing the claim, and on November 18, 2021

sent a letter denying Plaintiffs' claims, therefore, pursuant to 28 C.F.R. § 14.9(1), this complaint has been filed within six months of the letter representing the denial of Plaintiff's demand.

## IV.     GENERAL ALLEGATIONS

14.     On the morning of February 13, 2020, Ender Ali Sokmen was lawfully operating his 2015 Honda CTX700 motorcycle, California license plate 22Y8082, on his way to work in Cypress, California.

15.     On the morning of February 13, 2020, at approximately 7:40 a.m., Plaintiffs' son, Ender Ali Sokmen was driving south on Valley View Street, proceeding straight near the intersection of Belle Avenue.

16.     On the morning of February 13, 2020, at approximately 7:40 a.m., ARANDA, employee of defendant UNITED STATES OF AMERICA, was driving a White Chevy CG3300 van, license number G434015P, owned by the United States Army Reserves.

17.     On the morning of February 13, 2020, Defendant UNITED STATES OF AMERICA by and through its agency the California Army National Guard, employed, ARANDA.

18.     On the morning of February 13, 2020, ARANDA was assigned to drive the subject vehicle to the city of Ontario, California. Just prior to 7:40 a.m., employee ARANDA stopped at McDonalds to get breakfast. ARANDA was distracted by his food as he approached the parking lot exit and negligently and recklessly attempted to turn left across Valley View Street, causing the collision into Ender Ali Sokmen.

19.     On the morning of February 13, 2020, at approximately 7:40 a.m., employee ARANDA negligently, carelessly and recklessly operated the subject vehicle while failing to yield to oncoming traffic and attempting to make an unprotected left turn across multiple lanes of traffic, causing the subject vehicle to strike the Plaintiffs' son and his motorcycle. Due to ARANDA's negligence, Ender

Ali Sokmen flew off of his motorcycle and crashed into the curb on the opposite side of the street, resulting in blunt trauma to his head, open right shoulder fracture and closed right tibia fracture.

20. Plaintiffs' son was taken to Long Beach Memorial Hospital, where he was treated with life saving measures due to his blunt force trauma and cardiac arrest, but Ender Ali Sokem was pronounced dead soon after arrival.

## **FIRST CAUSE OF ACTION**
### **(Negligence)**
### **(AGAINST THE UNITED STATES OF AMERICA)**

21. The allegations set forward in paragraphs 1 to 20 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

22. On the morning of February 13, 2020, at approximately 7:40 a.m., employee ARANDA was driving the subject vehicle, within the course and scope of his employment with the California Army National Guard, within the Department of the Army at the intersection of Belle Avenue and Valley View Street, in Cypress California.

23. On the morning of February 13, 2020, at approximately 7:40 a.m., employee ARANDA was driving the subject vehicle on his way to work for the Department of the Army, an agency of the Defendant UNITED STATES OF AMERICA.

24. Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, and each of them, owed a duty to use ordinary care with respect to Plaintiffs' son, a driver, lawfully operating his motorcycle on the way to his work, on a public road in Cypress, California.

25. Plaintiffs would be entitled to pursue these claims under the laws of the state of California, including but not necessarily limited to claims in the nature

6
COMPLAINT

of negligence, due to employee ARANDA's negligent operation of the subject vehicle, while acting within the course and scope of his employment, under circumstances where Defendant UNITED STATES OF AMERICA, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of California.

26. Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, as a direct and proximate result of employee ARANDA negligently, carelessly and recklessly operating the subject vehicle, caused Plaintiffs' son to sustain fatal injuries.

27. Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, as a further direct and proximate result of employee ARANDA's negligent, careless and reckless operation the subject vehicle, caused substantial property damages to Plaintiffs son's motorcycle.

28. Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, and each of them, owed to Plaintiff a duty of ordinary care in the operation of the subject vehicle by employee ARANDA.

29. Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, breached the duty of care when employee ARANDA operated the subject vehicle in a negligent, reckless and dangerous manner, causing the subject vehicle to strike Plaintiffs' son and his motorcycle while Plaintiffs' son was proceeding straight on Valley View Street. Valley View Street, at the intersection of Belle Avenue, is not controlled by any street light or other traffic control device which would in any way require Plaintiffs' son to stop or yield to traffic. Defendant's employee recklessly and negligently pulled out of the McDonald's parking lot, near the intersection of Belle Avenue, and unlawfully failed to yield to traffic.

30. Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, operated the subject vehicle in a negligent, reckless and dangerous manner, which directly and proximately caused Plaintiffs' son substantial property damages to his vehicle.

31. That Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, and each of them, as a further direct and proximate result of employee ARANDA negligently, carelessly and recklessly operating the subject vehicle, causing Plaintiffs' son to sustain fatal injuries to his body, including blunt force head trauma, open right shoulder fracture and closed right tibia fracture, resulting in general damages for pain and suffering in an amount according to proof.

32. The acts and/or omissions of Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, directly and proximately caused fatal injuries to Plaintiffs' son requiring emergency medical attention and attempted life-saving medical treatment, which were ultimately unsuccessful due to the severity of injuries caused by Defendant's negligence, resulting in general damages for pain and suffering in an amount according to proof.

33. As a result of the acts and/or omissions of Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, Plaintiffs' son Ender Ali Sokmen suffered blunt force trauma injuries, requiring life-saving treatments, which were ultimately unsuccessful.

34. As a result of the acts and/or omissions of Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, Plaintiffs' son Ender Ali Sokmen suffered Medical damages, Loss of Earnings / Earnings Capacity, Physical Pain, Mental Suffering,

Loss of Enjoyment of Life, Inconvenience, Anxiety, Grief, Humiliation, and Emotional Distress in an amount to be proven at trial.

35. As a result of the acts and/or omissions of Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, Plaintiffs' have suffered and continue to suffer severe mental anguish and pain, anxiety, grief, humiliation, emotional distress, deprivation of life-long love, companionship, comfort, support, society, care and sustenance of their deceased son Ender Ali Sokmen, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## (Wrongful Death)
## (AGAINST THE UNITED STATES OF AMERICA)

36. The allegations set forward in paragraphs 1 to 35 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

37. That as a proximate result of the above described acts and/or omissions of Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, directly and proximately caused fatal injuries Ender Ali Sokmen, directly resulting in his death.

38. By reason of said injuries and consequences, these Plaintiffs have had and in the future will suffer mental anguish and pain, deprivation of the life-long life-long love, affection, care, comfort, companionship, counseling, service, society, solace or moral support, right to support, expectations of future support, sustenance, and other benefits and assistance of Decedent Ender Ali Sokmen for the remainder of the Plaintiffs' natural lives. By reason of said injuries resulting in death, Plaintiffs have sustained general damages the value of which will be stated in an amount according to proof at trial.

39. By reason of said injuries causing the death of their son, Plaintiffs have incurred expenses pertaining to the transport and burial of their son's body, totaling no less than $10,230.75, in an amount according to proof at time of trial.

40. As a further result of Defendant's actions, Plaintiffs' sons' motorcycle was wrecked, the value of which will be stated in an amount according to proof at trial.

41. As a further proximate result of the actions of the Defendants, and each of them, Plaintiffs' son is prevented from attending to his usual occupations, and thereby lost earnings and earning capacity, and in the future will lose earnings, the value of which will be stated in an amount according to proof at trial.

42. As a result of Defendants' actions, Plaintiffs have lost the use of, interest on, and past value of all the above-referred to monies, expenses, earnings, costs and other damages and has had to pay interest, additional expenses, and other losses to replace such items. Plaintiffs have incurred these additional damages from the date of injury and therefore requests legal interest on the total amount of damages from the date of injury (2/13/2020) to the date of judgment.

## THIRD CAUSE OF ACTION
## (SURVIVOR ACTION - California Code of Civil Procedure 377.60)
### (AGAINST THE UNITED STATES OF AMERICA)

43. The allegations set forward in paragraphs 1 to 42 of this Complaint are realleged and incorporated by reference as if fully set forth herein.

44. That prior to and on February 13, 2020, Defendant UNITED STATES OF AMERICA, acting through its agency the Department of the Army and its employee ARANDA, and each of them, had a duty to safely operate vehicles while operating on public roads.

45. That as a proximate result of the above described negligent and reckless operation of the subject vehicle, Defendant UNITED STATES OF

AMERICA, acting through its agency the Department of the Army and its employee ARANDA, and each of them, and by their breach of their duty, caused catastrophic and eventually fatal injuries to Plaintiffs' son, resulting in significant pain and suffering after being struck by the vehicle driven by Andres Aranda until Ender Ali Sokmen's eventual death.

46. By reason of said injuries and consequences, decedent Ender Ali Sokmen suffered lost earnings, the exact amount of such loses will be stated in an amount according to proof at trial.

47. By reason of said injuries and consequences, decedent Ender Ali Sokmen suffered medical expenses, the exact amount of such loses will be stated in an amount according to proof at trial.

48. As a further result of Defendant's negligent actions above described, decedent Ender Ali Sokmen's motorcycle was wrecked, the value of which will be stated in an amount according to proof at trial.

## V.   CONCLUSION AND PRAYER

49. For the reasons presented herein, Plaintiffs pray that the Defendant be cited to appear and answer, and that upon a final trial of this cause, Plaintiffs recover judgment against the Defendant for:

    a. Actual damages;

    b. For non-economic damages suffered by Plaintiffs MICHAEL SOKMEN, LEYLA KALENDER-SOKMEN, including but not limited to, loss of life-long love, affection, care, comfort, companionship, counseling, service, society, solace or moral support, right to support, expectations of future support, sustenance, and other benefits and assistance of Decedent Ender Ali Sokmen, in an amount in excess of the jurisdictional minimum, according to proof.

    c. For general damages according to proof;

|    |    |                                                                                       |
|----|----|---------------------------------------------------------------------------------------|
| d. | For economic damages relating to lost earnings and earning capacity according to proof; |
| e. | For economic damages relating to past and future medical expenses according to proof; |
| f. | For economic damages relating to funeral expenses according to proof;                |
| g. | For pre-judgment interest on all economic damages in the legal amount, according to proof; |
| h. | Economic and non-economic damages;                                                    |
| i. | pain, suffering, and disfigurement pursuant to California Code of Civil Procedure §337.34(b) |
| j. | Post-judgment interest at the maximum legal rate provided by law;                     |
| k. | Costs of suit, and                                                                    |
| l. | All other relief, general and special, to which Plaintiffs are entitled to at law and/or in equity, and/or which the Court deems proper. |

Dated: March 7, 2022

LAW OFFICES OF RICHARD A. JONES

By: _____/s/ Richard A. Jones_____
RICHARD A. JONES,
JARRICK S. GOLDHAMER
Attorneys for Plaintiffs,
Michael Sokmen and Leyla Kalender Sokmen; The Estate of Ender Ali Sokmen