1
2
3
4
5
6
7

**O**

# United States District Court
# Central District of California

MICHAEL SOKMEN et al.,

        Plaintiffs,

   v.

UNITED STATES OF AMERICA,

        Defendant.

Case № 2:22-cv-01529-ODW (ASx)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [28]**

## I.    INTRODUCTION

Plaintiffs Estate of Ender Ali Sokmen ("Plaintiff Estate"), Michael Sokmen, and Leyla Kalender Sokmen initiated this wrongful death lawsuit against Defendant United States of America. (Compl., ECF No. 1.) Defendant now moves for partial summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56, seeking summary judgment in its favor on certain of Plaintiffs' damages claims. (Mot. Partial Summ. J. ("Motion" or "Mot."), ECF No. 28.) The Court carefully considered the papers filed in connection with the Motion and deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

## II.      BACKGROUND

Michael Sokmen and Leyla Kalender Sokmen (together, "Parent Plaintiffs") are the surviving parents and heirs of Decedent Ender Ali Sokmen ("Decedent").  (Def.'s Separate Statement of Uncontroverted Facts & Conclusions of Law ("SUF") 11, ECF No. 28-1.)   On the morning of February 13, 2020, Decedent was driving his motorcycle southbound on Valley View Boulevard in Cypress, California, when he collided with a van Plaintiffs allege was driven by an employee of Defendant.  (SUF 1 (citing Compl. ¶ 15); Compl. ¶ 16.)  As a result of the collision, Decedent flew off the motorcycle and subsequently hit the curb, sustaining blunt force trauma to his head.  (Decl. Sarah Quist ISO Mot. ("Quist Decl.") Ex. C ("Expert Report") 3, ECF No. 28-5.)

Approximately twenty to thirty seconds after the collision, a witness arrived on the scene.  (SUF 3.)   When the witness turned over Decedent, the witness thought Decedent was "probably already dead."  (Quist Decl. Ex. B ("Downie Dep.") 91:12–19, ECF No. 28-4.)  A few minutes later, an ambulance arrived on the scene.  (SUF 7.)  Decedent was then taken to Long Beach Memorial Hospital, and shortly after he arrived, he was pronounced dead.  (Compl. ¶ 20; SUF 8.)

On March 7, 2022, Plaintiffs brought this action, asserting claims against Defendant for (1) negligence; (2) wrongful death; and (3) survivor action[1].  (Compl. ¶¶ 21–48.)   On June 9, 2022, Defendant answered the Complaint.  (Answer, ECF No. 12.)  Defendant now moves for partial summary judgment pursuant to Rule 56, asserting that (1) certain of Plaintiffs' damages claims are not available as a matter of law and (2) with respect to other damages claims, Plaintiffs have insufficient evidence to demonstrate a genuine dispute of material fact.   The Motion is fully briefed.  (Opp'n, ECF No. 29; Reply, ECF No. 31.)

---

[1] More commonly referred to as a "survival action."  *See, e.g.*, *Garofalo v. Princess Cruises, Inc.*, 85 Cal. App. 4th 1060, 1072 (2000).

### III.     LEGAL STANDARD

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute about a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party cannot create a genuine issue of material fact by making bald assertions in its legal papers. *See S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Moreover, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted). However, at the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006) (Roberts, J., concurring in part).

The moving party has the burden of demonstrating the absence of genuine issue of fact for trial. *Celotex*, 477 U.S. at 323. To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies its initial burden of production, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id.* at 1103.

### IV.     DISCUSSION

In its Motion, Defendant organizes Plaintiffs' damages claims according to who asserts them. (Mot. 1.) First, Defendants address Plaintiff Estate's damages claims,

sought as part of its survival action. Then, Defendants address Parent Plaintiffs' damages claims, sought as part of their wrongful death action. The Court adopts this approach herein.

**A.    Plaintiff Estate's Damages Claims**

Defendant challenges Plaintiff Estate's claims to damages for (1) funeral costs, travel costs, lost earning capacity, and future lost wages; and (2) pain and suffering. The Court considers each of these two groups of claims in turn.

*1.    Funeral Costs, Travel Costs, Lost Earning Capacity, and Lost Wages*

Defendant argues that Plaintiff Estate's damages claims for funeral costs, travel costs, and future lost wages are not recoverable as a matter of law. (Mot. 7–8.) Defendant further argues that Plaintiff Estate has insufficient evidence to show that lost earning capacity—that is, earnings that Decedent would have earned during his life had he not been injured—is in genuine dispute. (*Id.* at 8.)

In a survival action, "the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death." Cal. Code Civ. Proc. § 377.34; *see People v. Runyan*, 54 Cal. 4th 849, 861–62 (2012) ("No civil claim can be asserted, on a decedent's personal behalf, for injury or damage to the decedent that occurs, or accrues, after the decedent has died."); *see also Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1104 (9th Cir. 2014) ("Section 377.34 limits damages in survival actions to the victim's pre-death economic losses. In cases where the victim dies quickly, there often will be no damage remedy at all under § 377.34." (citation omitted)).

Here, Plaintiff Estate's claimed damages for funeral costs, travel costs, and lost future wages are, as a matter of law, not available because Decedent did not incur these damages prior to his death. Similarly, lost earning capacity damages are, as a matter of law, not available; Decedent died almost instantly after the collision, so there was no intervening pre-death period where wages would otherwise have been earned. *Chaudhry*, 751 F.3d at 1104.

Based on the foregoing, the Court grants Defendant's Motion as to Plaintiff Estate's claims for funeral costs, travel costs, lost earning capacity, and lost wages.

2.    *Pain and Suffering*

Plaintiff Estate seeks pain and suffering damages as part of its survival action. This damages claim is made possible by the recently amended California Code of Civil Procedure section 377.34, which, as of January 1, 2022, allows decedents' personal representatives to seek damages for the decedent's pre-death pain and suffering. *See, e.g.*, *Brown v. Gordon*, No. 21-cv-08098-LB, 2022 WL 2391002, at *2 (N.D. Cal. July 1, 2022). Defendant nevertheless argues that Plaintiff Estate cannot recover for Decedent's pain and suffering because there is no evidence to establish that Decedent was conscious to feel pain at any time before his death. (Mot. 9.)

To determine the scope of California's newly enacted remedy for pain and suffering in survival actions, this Court looks to precedent regarding pain and suffering damages more generally. In a wrongful death action under the Jones Act, for example, the Ninth Circuit noted that the decedent must have "remained conscious for a legally substantial period of time after [they] sustained the injuries that eventually resulted in [their] death." *Cook v. Ross Island Sand & Gravel Co.*, 626 F.2d 746, 751 (9th Cir. 1980). Similarly, courts in this and other jurisdictions generally hold that there must be "some level of awareness" for a plaintiff to recover for pain and suffering. *McDougald v. Garber*, 536 N.E.2d 372, 375 (N.Y. 1989); *see also Nelson v. Acosta-Corrales,* No. 12-1419-JAR-JPO, 2014 WL 1048007, at *3 (D. Kan. Mar. 18, 2014) ("[E]vidence must exist showing that a deceased *consciously* suffered in the time between the trauma and death."); *cf. Nunez v. Santos*, 427 F. Supp. 3d 1165, 1190 (N.D. Cal. Dec. 13, 2019) (recognizing that "pre-death pain and suffering damages" in 42 U.S.C. § 1983 cases "must be actual and must be proved"). What constitutes a "legally substantial period of time" varies depending on the circumstances of each case. *Cook*, 626 F.2d at 751–52 (holding the decedent's

conscious suffering for two and one-half minutes was sufficient to support a substantial jury award for pain and suffering).

Applying these principles here, Plaintiff is precluded from pursuing pain and suffering damages if there is no genuine dispute of material fact that Decedent was not conscious during the events leading to his death. In considering whether Defendant meets its initial burden of demonstrating that Decedent was not conscious to experience pain and suffering, it is helpful to separate the analysis into two different time periods: (1) the period of time from just before Decedent's collision with the vehicle, including Decedent's collision with the vehicle, and up to Decedent's collision with the curb ("Timespan #1"); and (2) the purported period of time immediately following Decedent's collision with curb until his death ("Timespan #2").

Defendant submits its Expert Report to establish that Decedent was not conscious to experience pain at any time after the collision. (Mot. 9; Expert Report 4.) In that Expert Report, Dr. George Baskevitch, a licensed medical doctor whose qualifications Plaintiffs do not currently dispute, observes that Decedent first collided with the vehicle and then "was thrown through the air a distance of 60 to 100 feet and impacted the roadway and curb." (*Id.*) After stating this observation, Dr. Baskevitch opines that Decedent "sustained severe blunt force trauma because of this collision." (*Id.*) Dr. Baskevitch further opines that Decedent's "most significant injuries were fractures to the base of his skull" and that "[t]hese injuries alone, to a reasonable degree of medical certainty, would have resulted in immediate loss of consciousness." (*Id.*) Defendant also submits deposition testimony from Christopher Downie, the witness who approached the scene just after the collision and thought Decedent "was probably already dead" after turning him over. (Downie Dep. 91:12–19.)

This evidence is sufficient to show that Decedent was not conscious, as is required to recover for pain and suffering damages, during Timespan #2—from when Decedent impacted the curb until his death. Dr. Baskevitch's expert opinion

establishes that Decedent suffered trauma "because of this collision" and that the resulting fractures to the skull would have resulted in immediate loss of consciousness. (Expert Report 4.)  This evidence demonstrates that Decedent had lost consciousness by the moment he collided with the road.  Thus, there is no "legally substantial period of time" following the collision with the road during which Decedent experienced pain and suffering.  *Cook*, 626 F.2d at 751–52.

Plaintiffs do not present any evidence that would tend to contradict this conclusion from Dr. Baskevitch's report.  Consequently, the Court grants summary judgment as to any pain and suffering that allegedly occurred after Decedent collided with the road.

However, Defendant's evidence is insufficient to meet its initial burden to demonstrate that Decedent lacked consciousness during Timespan #1.  In describing the effects of the accident on Decedent's body and bodily systems, Dr. Baskevitch does not distinguish between Decedent's first collision (with the van) and his second (with the road).  As a result of this failure to distinguish between the two collisions, Dr. Baskevitch stops short of opining that the first collision in particular caused Decedent to immediately lose consciousness.  Accordingly, the Expert Report does not establish that Decedent lacked consciousness during Timespan #1, and thus, as to Timespan #1, Defendant fails to meet its initial burden of showing that Decedent did not experience any pain and suffering.  Thus, Defendant is not entitled to summary judgment as to Timespan #1.

In summary, the Court grants summary judgment as to Timespan #2 and denies summary judgment as to Timespan #1.  Plaintiff Estate may proceed with its claim for pain and suffering damages, but only as to the time period beginning just before Decedent's collision with the vehicle and ending with Decedent's collision with the ground.

**B.      Parent Plaintiffs' Damages Claims**

Defendant challenges Parent Plaintiffs' claims to damages for (1) their own medical care and lost earnings; (2) their own pain and suffering; (3) financial support; and (4) funeral and travel costs, arguing that each of these categories of damages is not available as a matter of law.  (Mot. 10–12.)  The Court considers each category in turn.

*1.     Medical Care and Lost Earnings*

Defendant argues that the law does not provide for Parent Plaintiffs' recovery for their own medical care and lost earnings.  (Mot. 10–11.)  Plaintiffs do not provide a response to this argument.  (*See generally* Opp'n.)  Moreover, the Court finds Defendant's position to be in accord with relevant law and the facts of this case.  This includes a finding that, as a matter of law, there is no causal link between Decedent's death, on one hand, and Parent Plaintiffs' own medical care and lost earnings, on the other hand.  *San Diego Gas & Elec. Co. v. Superior Court*, 146 Cal. App. 4th 1545, 1550–51 (2007) (noting wrongful death is a "statutory claim (§§ 377.60–377.62) that compensates heirs of the decedent for losses suffered as a result of a decedent's death").

Thus, this Court grants Defendant's Motion for Summary Judgment as to Parent Plaintiffs' medical care and lost earnings.

*2.     Pain and Suffering*

Defendant argues that Parent Plaintiffs cannot, as a matter of law, recover for their own pain and suffering.  (Mot. 12.)  Plaintiffs do not provide a response to this argument.  (*See generally* Opp'n.)  Moreover, the Court finds Defendant's position to be in accord with the law.  *See Krouse v. Graham*, 19 Cal. 3d 59, 72 (1977) (noting that "damages for mental and emotional distress . . . are not recoverable in a wrongful death action" under California law); *see also* Judicial Council of California Civil Jury Instructions (2023) ("CACI") 3921.

1    Thus, this Court grants Defendant's Motion as to Parent Plaintiffs' claim for
2    their own pain and suffering.

3    *3.    Financial Support*

4    Defendant argues that Parent Plaintiffs' claim for financial support must be
5    dismissed because the evidence indicates that Parent Plaintiffs were not financially
6    dependent on Decedent at the time of his death. (Mot. 12.) However, Defendant does
7    not meet its initial burden on this issue. In proper cases, beneficiaries in wrongful
8    death actions may recover for *future* financial support that the decedent would have
9    otherwise been able to provide. *Boeken v. Philip Morris USA Inc.*, 217 Cal. App. 4th
10   992, 997 (2013) ("Under Code of Civil Procedure section 377.61, damages for
11   wrongful death 'are measured by the financial benefits the heirs were receiving at the
12   time of death [and] those reasonably to be expected in the future . . . .'"). Defendant
13   fails to persuade the Court that the mere showing that a decedent was not providing
14   financial support to beneficiaries at the time of death prevents the beneficiaries from
15   recovering for financial support the decedent might have provided in the future.
16   Accordingly, the Court denies the Motion as to Parent Plaintiffs' claim for financial
17   support.

18   *4.    Funeral Costs*

19   Defendant argues that the Court should limit Parent Plaintiffs' recovery for
20   funeral expenses to $8,750 because the only available documentary evidence on the
21   matter is a receipt showing payment in the amount of $8,750. (Mot. 11.) The parties
22   do not dispute that Parent Plaintiffs are legally permitted to recover funeral expenses;
23   instead, Defendant seeks to limit the amount of the claim on the grounds that Plaintiffs
24   have no evidence that funeral expenses were any greater than $8,750.

25   Defendant's argument is not well taken. Plaintiffs allege they incurred
26   $10,230.75 in connection with the transport and burial of Decedent's body. (Compl.
27   ¶ 39.) Michael Sokmen possesses a receipt showing a payment in the amount of
28   $8,750, and he testified in deposition that he paid the remaining amount of $1,480.75

in cash.  (Quist Decl. Ex. E ("Michael Sokmen Dep.") 112:11–21, ECF No. 28-7.)
The general rule at summary judgment is that the court is not to assess the credibility
of testimony, and that rule applies here. *Anderson*, 477 U.S. at 255.    Michael
Sokmen's testimony, if credited, would be sufficient for a factfinder to find that he
incurred the additional amount.    Thus, the exact amount of funeral expenses is a
genuine issue of disputed fact for the factfinder to resolve.  The Court accordingly
denies the Motion as to funeral expenses.

> 5.    *Travel Costs*

Finally, Defendant argues that past and future travel expenses are not
recoverable as a matter of law and that Plaintiffs' claims for such expenses should be
dismissed.  (Mot. 11.)

"Under California law, the beneficiaries of an action for wrongful death are
entitled to recover the reasonable value of funeral expenses paid or incurred by them."
*In re Air Crash Disaster Near Cerritos, Cal., On Aug. 31, 1986*, 982 F.2d 1271, 1276
(9th Cir. 1992); *see also* CACI No. 3921.  It is possible, therefore, that "past travel"
expenses—meaning travel expenses incurred up to, for, and in connection with
Decedent's funeral and burial—may be recoverable.  Defendant does not meet its
initial burden of showing such "past travel" expenses are *not* recoverable, and
accordingly, the Court denies the Motion as to these expenses.

While Plaintiffs do defend their claim for travel expenses "attendant to
[Decedent's] funeral and burial," (Opp'n 7), Plaintiffs do not respond to Defendant's
argument that "future travel" expenses, such as periodic memorial visits to the burial
site, are, as a matter of law, not recoverable, (*see generally id.*).  Moreover, the Court
finds Defendant's position on such "future travel" expenses to be in accord with
relevant law.    While the cases confirm that funeral and burial expenses are
recoverable, Plaintiffs do not cite any case confirming the availability of ongoing,
future travel expenses related to the death.  *See In re Air Crash Disaster Near*

1   *Cerritos*, 982 F.2d at 1276 (funeral and burial expenses); *Francis v. Sauve*, 222 Cal.

2   App. 2d 102, 124 (funeral expenses).

3         Thus, the Court grants Defendant's Motion as to Parent Plaintiffs' claim for

4   "future travel" and denies the Motion as to Parent Plaintiffs' claim for "past travel."[2]

5   ///

6   ///

7   ///

8   ///

9   ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26  [2] As an alternative basis for dismissing one or more of Plaintiffs' damages claims, Defendant argues that Plaintiffs failed to provide a computation of damages and evidentiary support as required by Rule 26(a)(1)(A)(iii). (Mot. 12–13.) However, Defendant simply makes this assertion in the Motion

27  without providing a declaration or any supporting evidence regarding Plaintiffs' Rule 26(a) disclosures. (*See id.*) Accordingly, the Court does not consider the argument. *See Comstock v.*

28  *Humphries*, 786 F.3d 701, 709 (9th Cir. 2015) ("[A]rguments in briefs are not evidence.").

# V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Partial Summary Judgment.   (ECF No. 28.)   The Court **DISMISSES** the following damages claims **WITH PREJUDICE AND ON THE MERITS**:

(1) <u>Plaintiff Estate</u>'s claims for funeral costs, travel costs, lost earning capacity, future lost wages, and any pain and suffering allegedly occurring after Decedent's impact with the road; and

(2) <u>Parent Plaintiffs</u>' claims for medical costs, lost earnings, pain and suffering, and "future travel."

The Court otherwise denies the Motion.

Moreover, the Court **ORDERS** that the following dates and deadlines shall take precedence over any dates and deadlines previously set in this matter:

- Bench Trial: <u>**November 3, 2023 at 9:00 a.m.**</u>
- Deadline to File Final Trial Exhibit Stipulation: **October 27, 2023**
- Hearing on Motions in Limine: **October 23, 2023**
- Deadline to File Oppositions to Motions in Limine: **October 10, 2023**
- Deadline to file Motions in Limine: **October 2, 2023**
- Final Pretrial Conference: **October 2, 2023 at 1:30 p.m.**
- Deadline to File Pretrial Documents: **October 2, 2023**

**IT IS SO ORDERED.**

July 20, 2023

 

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**